IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| FELIX P. BABAUTA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-251 |
| | § | |
| HARRIS COUNTY SHERIFF'S | § | |
| DEPARTMENT, ET AL. | § | |

## REPORT AND RECOMMENDATION

Before the Court, by referral from the Honorable Ewing Werlein, Jr., United States District Judge, is the "Motion for Extension of Time to File Notice of Appeal" of Plaintiff, Felix P. Babauta. Having reviewed the Motion, the Defendant's response and the prior proceedings in this cause, the Court now issues this Report and Recommendation to the District Court.

The Final Judgment dismissing Babauta's civil rights action was entered on August 14, 2009. Babauta filed a Notice of Appeal one day late, on September 15, 2009.[1] On October 28, 2009, he filed the instant Motion in an effort to perfect his desired appeal.

A motion to extend the time in which a Notice of Appeal may be filed is governed by Rule 4(a)(5) of the Federal Rules of Appellate Procedure which provides, in pertinent part, that "(t)he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its Motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

---

[1] Babauta claims he filed a timely Notice of Appeal on September 14, 2009 by placing it in the mail; however, the federal "mailbox rule" does not apply to non-prisoner litigants. See Houston v. Lack, 487 U.S. 266 (1988).

In <u>Wilkens v. Johnson</u>, 238 F.3d 328, 330 (5th Cir. 2001), the Fifth Circuit explained the operation of Rule 4(a)(5) as follows:

> Section (5) makes clear that the only time the district court is empowered to toss the extension lifeline to a putitive appellant is when a motion seeking extension is filed no later than 30 days after expiration of the original 30 days specified in Rule 4(a)(1)(A), i.e., no later than 60 days after entry of the order of judgment from which appeal is sought.  Only then can the district court even consider whether either of section (5)'s two exclusive grounds for granting such an extension -- excusable neglect or good cause - - has been demonstrated.

Unfortunately, for Babauta, following the decision in <u>Sanchez v. Board of Regents of Texas Southern University</u>, 625 F.2d 521, 523 (5th Cir. 1980), a Notice of Appeal filed within the "grace period" could no longer be construed as an implicit motion for an extension of time.  Since Babauta did not file his Motion within 60 days following the August 14, 2009, entry of Judgment, Section (5)'s "lifeline" for extending the time for filing a Notice of Appeal had ceased to be available to both Babauta and the District Court.  <u>Wilkens</u>, 238 F.3d at 330    The District Court presently lacks jurisdiction to even consider Babauta's Motion.  See <u>Kohen v. Empire Blue Cross and Blue Shield</u>, 142 F.3d 116, 118 (2[d] Cir. 1998) ("The district court…lacks jurisdiction to grant any extension motion that is not filed within Rule 4(a)(5)'s 30-day 'grace period.'")

It is, therefore, the **RECOMMENDATION** of this Court that the "Motion for Extension of Time to File Notice of Appeal" (Instrument no. 82) of Plaintiff Felix P. Babauta be **DENIED for lack of jurisdiction**.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **November 19, 2009**, to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk.   The Objections **SHALL** be

electronically filed and/or mailed to the Clerk's Office at P.O. Box 61010, Houston, Texas 77208. Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

      **DONE** at Galveston, Texas, this _____5th_____ day of November, 2009.

                                                        John R. Froeschner
                                                        United States Magistrate Judge