IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| FELIX P. BABAUTA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-251 |
| | § | |
| HARRIS COUNTY SHERIFF'S | § | |
| DEPARTMENT, ET AL. | § | |

## REPORT AND RECOMMENDATION

Before the Court, by referral from the Honorable Ewing Werlein, Jr., United States District Judge, is the "Amended Motion for Relief from Judgment" filed by Plaintiff, Felix P. Babauta. Having reviewed the Motion, the response of the Defendants, Babauta's reply, the record in this cause and the relevant law, the Court now submits this Report and Recommendation to the District Court.

The District Court is very familiar with Babauta's accusations, therefore, it will suffice to say that Babauta feels entitled to relief from the Final Judgment because the District Court granted summary judgment in favor of Harris County without permitting him to conduct any reasonable amount of discovery or even file a response to the County's Motion. As made clear in his "Motion to Pay Transcript at Government Expenses" (Instrument no. 74) filed on October 5, 2009, Babauta intended to raise this argument on appeal. Unfortunately, for Babauta, his "Notice of Appeal" and his subsequent "Motion for Extension of the Time in Which to File Notice of Appeal" were both filed too late and his appeal was, therefore, dismissed on April 22, 2010, for lack of jurisdiction.

It has long been the law in the Fifth Circuit that a Rule 60(b) Motion may not be used as a substitute for a timely appeal. Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1203-04 (5th Cir. 1993)  "Rule 60(b) simply may not be used as an end run to effect an appeal outside the specified time limits, otherwise those limits become essentially meaningless." Pryor v. U.S. Postal Service, 769 F.2d 281, 288 (5th Cir. 1985)  By failing to perfect an appeal, Babauta cannot resurrect the opportunity for review through a Rule 60(b) Motion. Burnside v. Eastern Airlines, Inc., 519 F.2d 1127, 1128 (5th Cir. 1975)  Of course, Babauta has explanations for his untimely filings, but as sympathetic as this Court might be to Babauta's predicament, it cannot ignore well established law.

It is, therefore, the **RECOMMENDATION** of this Court that the "Amended Motion for Relief from Judgment" (Instrument no. 104) of Plaintiff, Felix P. Babauta, be **DENIED.**

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **November 12, 2010**, to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections **SHALL** be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____19th_____ day of October, 2010.

_____
John R. Froeschner
United States Magistrate Judge