IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| FELIX P. BABAUTA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-251 |
| | § | |
| HARRIS COUNTY SHERIFF'S | § | |
| DEPARTMENT, ET AL. | § | |

MEMORANDUM AND ORDER

On November 10, 2010, Plaintiff, Felix P. Babauta, filed a Motion to Disqualify the undersigned from this case in which Babauta's "Amended Motion for Relief from Judgment" is now pending. Babauta's Motion is addressed to Chief Judge Ricardo Hinojosa, but under 28 U.S.C. § 455, the challenged judge himself properly rules on such a Motion. United States v. Balistrieri, 779 F.2d 1191, 1202-03 (7th Cir. 1985; see also Chitimacha Tribe of Louisiana v. Harry L. Laws. Co., 690 F.2d 1157, 1166 (5th Cir. 1982)(A recusal motion under § 455 is committed to the sound discretion of the district judge.)

The Court first notes that Babauta's Motion is untimely. A Motion to Disqualify cannot be used as a fall-back position following adverse rulings in pending cases, United States v. Vader, 160 F.3d 263, 264 (5th Cir. 1998), it must be brought "at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." Travelers Insurance Co. v. Liljeberg Enterprises, Inc., 38 F.3d 1405, 1410 (5th Cir. 1994) Moreover, judicial rulings in the course of this proceeding will

not support recusal or disqualification under § 455. <u>United States v. Landerman</u>, 109 F.3d 1053, 1066 (5th Cir. 1997) (<u>citing</u> <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994) (("J)udicial rulings alone almost never constitute a valid basis for a bias or partiality motion...they are proper grounds for appeal, not recusal."))

It is, therefore, the ORDER of this Court that Babauta's "Motion to Disqualify or Remove U.S. District Judge Ewing Werlein Jr. From the Case" (Document No. 112) is DENIED.

SIGNED in Houston, Texas, on this 23rd day of November, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

2